1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    SOUTHERN DISTRICT OF CALIFORNIA

10

11   TAMARA RADEVSKA, an
     individual, ALI ROCK, an          No.  15CV271  GPC RBB
12   individual, on behalf of themselves
     and all others similarly situated,    **PROTECTIVE ORDER ENTERED**
13                                          **PURSUANT TO JOINT MOTION**
                  Plaintiff,               **[ECF NO. 35] – AS MODIFIED BY**
14                                          **THE COURT**
           vs.
15
     NOBLE AMERICAS ENERGY
16   SOLUTIONS, LLC, a California        Magistrate Judge Ruben B. Brooks
     limited liability company; NOBLE
17   AMERICAS CORP., a Delaware
     corporation, NOBLE AMERICAS'
18   CIGNA HEALTH CARE OPEN
     ACCESS PLUS PLAN, an ERISA
19   medical benefits plan; CIGNA
     CORPORATION, a Connecticut
20   corporation; and CIGNA
     HEALTHCARE OF CALIFORNIA,
21   Inc., a California Corporation.,

22                Defendants.

23

24

25         Plaintiffs Tamara Radevska ("Radevska") and Ali Rock ("Rock") (together,

26   "Plaintiffs"), defendants Cigna Corporation and Cigna Healthcare of California

27   Inc., (collectively, the "Cigna Defendants"), and defendants Noble Americas

28   Energy Solutions, LLC, Noble Americas Corp., and Noble Americas' Cigna

---

Healthcare Open Access Plus Plan (together, the "Noble Defendants') (Plaintiffs, the Cigna Defendants, and Noble Defendants are collectively referred to as the "Parties"), jointly stipulate and move for a protective order as follows:

1.     PURPOSES AND LIMITATIONS

1.1     Purpose:  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Confidentiality Agreement Protective Order ("this Protective Order").

1.2     Good Cause Statement:  Defendants Cigna Corporation ("Cigna Corporation") and Cigna Healthcare of California, Inc. ("CHC-CA") (collectively, the "Cigna Defendants") petition the court to enter this Protective Order to prevent public disclosure of its trade secrets and confidential proprietary business information.  The parties also seek to prevent public disclosure of Protected Health Information ("PHI") as defined in the Health Insurance Portability and Accountability Act ("HIPAA"). The Cigna Defendants seek to designate as confidential documents that contain commercially-sensitive payment terms and trade secrets regarding the Cigna Defendants' business operations, including its agreements with defendant Noble Americas Corp., which contain broad confidentiality provision to protect the Cigna Defendants' proprietary business information. Public disclosure of this information would put the Cigna Defendants at a competitive disadvantage. The Cigna Defendants therefore seek to designate the Administrative Services Only ("ASO") Agreement, along with other documents as discovery progresses, as confidential. Additionally, Cigna anticipates that it may be required to produce private health information relating to Tamara Radevska or Ali Rock.

1.3     Confidentiality Agreement:  The Parties agree to comply with the terms of this agreement regardless of whether the Court formally enters a protective order.

2.     DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things the party designating or producing it reasonably believes contains or reflects information subject to protection, including without limitation:  (1) information protected under the federal Health Insurance Portability and Accountability Act and the California Medical Information Act, (2) information in the nature of a trade secret or other research, investigation, development, commercial or operational information of a confidential or proprietary nature; (3) financial, marketing, planning, strategic, investigative, or other internal information, data, analyses, or specifications of a proprietary, confidential or competitive nature; (4) information deemed confidential or non-public by any regulatory body; (5) information otherwise protected by law from disclosure; and/or (6) any other information with respect to which there is a compelling need for confidentiality. Documents designated as "CONFIDENTIAL" shall be limited to documents that have not been made public, which the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position; or in the case of individuals, shall be limited to documents that reveal personal information, such as contact information, social security numbers, or Protected Health Information (as defined in 45 CFR § 160.103).

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium)

PROTECTIVE ORDER

and their employees and subcontractors.

2.13   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.   DURATION

Final disposition shall be deemed (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) if there is a trial, after completion of post-trial briefing.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party shall promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, including discovery responses, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available

for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party either: (i) identify the protected testimony on the record, before the close of the deposition, hearing, or other proceeding; or (ii) send a letter to all counsel within the time permitted for the review and signing of the deposition by the witness (in the event of a deposition) or within 45 days of receipt of the transcript of the hearing (in the event of a hearing) identifying the protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality but must do so within the discovery period set by the Court. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient). In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Parties shall file and serve a Joint Stipulation. The Stipulation must be accompanied by a competent declaration affirming that the

Parties complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

If the Parties need to file the Joint Stipulation under seal, the Parties may file a stipulation to that effect or the moving party may file an *ex parte* application making the appropriate request. The Parties must set forth good cause in the stipulation or *ex parte* application as to why the Joint Stipulation or portions thereof should be filed under seal.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may <u>only</u> use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case for prosecuting, defending, or attempting to settle this litigation. Protected Material may not be used for any other purpose whatsoever. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as

well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   Court Hearings.  If any party or Non-Party bound by this Protective Order intends to disclose, discuss or otherwise refer to any Protected Material in open court at any hearing or trial, that person must notify the Court, the party that designated the Protected Material, and all other parties in the action of its intention to do so.

7.4   Filings with the Court.  If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to

file the papers – or the confidential portion thereof – under seal; the application must demonstrate good cause for the under seal filing.  No items will be filed under seal without a prior application to, and order from, the judge presiding over the hearing or trial.  Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material be filed with the Court under seal.   Whenever the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the public document.  The public document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The public redacted documents shall be filed within twenty-four hours of the Court order authorizing the filing of a document under seal.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with

the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

   12.1   Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

   12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.   FINAL DISPOSITION

   Within 30 days after the final disposition of this action, as defined in paragraph 4 or the entry of a final judgment, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

THEREFORE, the Parties hereby stipulate to the entry of this Protective Order and Confidentiality Agreement:

Dated:  December 31, 2015 **WINTERS & ASSOCIATES**

/s/ Jack B. Winters
Jack B. Winters, Esq.
Attorneys for Plaintiff Tamara Radevska

Dated:  December 31, 2015 **THE BUTLER FIRM**

/s/ Matthew B. Butler
Matthew B. Butler, Esq.

Attorneys for Plaintiff Ali Rock

Dated:  December 31, 2015 **MANATT, PHELPS & PHILLIPS, LLP**

/s/ Craig S. Rutenberg
John M. LeBlanc, Esq.
Craig S. Rutenberg, Esq.
Luke L. Punnakanta, Esq.

Attorneys for Defendants
Cigna Corporation and Cigna Healthcare of
California, Inc.

Dated:  December 31, 2015 **MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.**

/s/ Jennifer B. Rubin
Jennifer B. Rubin, Esq.

Attorneys for Defendants
Noble Americas Energy Solutions, LLC,
Noble Americas Corp., and Noble Americas'
Cigna Healthcare Open Access Plus Plan

**IT IS SO ORDERED.**

Dated:  January 5, 2016

Hon. Ruben B. Brooks
United States Magistrate Judge

15

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand this

Protective Order issued by the United States District Court for the Southern District

of California in the case of *Tamara Radevska, et al. v. Noble Americas Energy*

*Solutions, LLC,. et al.*, Case No. 15CV271  GPC RBB.

I agree to comply with and to be bound by all the terms of this Protective

Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Southern District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action.


Date: _____

City and State where signed: _____


Printed name: _____

Signature: _____

PROTECTIVE ORDER