UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA RADEVSKA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NOBLE AMERICAS ENERGY SOLUTIONS, LLC., a California limited liability company; NOBLE AMERICAS CORP., a Delaware corporation; NOBLE AMERICAS' CIGNA HEALTHCARE OPEN ACCESS PLUS PLAN, an ERISA medical benefits plan,<br><br>Defendants. | Case No.: 3:15-cv-00271-GPC-RBB<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING IN RE PLAN DOCUMENTS AND ADMINISTRATIVE RECORD** |

The Court, as stated at the motion hearing, has tentatively concluded that Plaintiff was a "participant" for purposes of pursuing a claim under 29 U.S.C. § 1132(a)(1)(B) and (a)(3), as interpreted by the Supreme Court in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). The ERISA statute defines "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7).

> The Supreme Court has interpreted [29 U.S.C. § 1002(7)] to mean that a party is a 'participant' if he is an employee in, or reasonably expected to be in, currently covered employment, or if he is a former employee who has a reasonable expectation of returning to covered employment, or a 'colorable claim' to vested benefits.

*Miller v. Rite Aid Corp.*, 504 F.3d 1102, 1106 (9th Cir. 2007) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989)). Here, Plaintiff has a "colorable claim" for benefits. At minimum, the inference can be drawn that Plaintiff was an employee at the time of acquisition—she received and signed a "Confirmation of Employment Letter" from Defendants, (Winters Decl. Ex. 4, Dkt. No. 99-10), and was on FMLA leave until November 3, 2010, two days *after* the acquisition of Sempra Energy Solutions closed, (Defs.' SSUF ¶ 4; Pl.'s SSUF ¶¶ 7, 10.)

In addition, the Court has tentatively concluded that, contrary to Defendants' position, Defendants' termination of Plaintiff's benefits, based upon Defendants' determination that she was ineligible, is subject to review under ERISA, and that an ERISA standard of review must be selected. *See, e.g.*, *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 973 (9th Cir. 1999) (directing district court to review *de novo* the termination of plaintiff's benefits); *Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139, 1142 (9th Cir. 2002) (subjecting plan administrator's determination that plaintiff was not eligible to participate in the plan to abuse of discretion review); *Gonda v. Permanente Med. Grp., Inc.*, 300 F.R.D. 609, 613 (N.D. Cal. 2014) (subjecting plan administrator's termination of plaintiff's benefits to *de novo* review). To conclude otherwise would effectively insulate Plaintiff's claim from ERISA review, despite Defendants' representation to Plaintiff that ERISA governed the Noble Health Plan, and that she accordingly needed to administratively exhaust her claims before seeking judicial relief. (*See* Rubin Decl., Ex. P, Dkt. No. 90-12 at 27.) Defendants' position essentially amounts to an argument that Defendants' *own* factual determination that Plaintiff was ineligible to participate in the Noble Health Plan applies with equal force to the legal question of whether she was a plan "participant" within meaning of the ERISA statute.

This position fails to take into account the Supreme Court's interpretation of "participant" in *Firestone*.

Having tentatively determined the above, the Court has identified two threshold problems impeding the Court's selection and application of the appropriate standard of review.

First, the only documents indicative of the terms of the Noble Health Plan are the 2010 and 2011 Summary Plan Descriptions ("SPDs"). (*See, e.g.*, Dkt. No. 90 at 7 (referring to the eligibility conditions "outlined in the summary plan description of the Noble Health Plan"); Dkt. No. 90-2, Defs.' SSUF ¶ 16 (referencing "certain conditions outlined in the SPD for the Noble Heath Plan").) Neither party has identified for the Court the relevant terms of the Noble Health Plan, beyond language from the SPDs. The Supreme Court has expressly held that "the summary documents, important as they are, provide communication with beneficiaries about the plan, but . . . *their statements do not themselves constitute the terms of the plan for purposes of § 502(a)(1)(B).*" CIGNA *Corp. v. Amara*, 563 U.S. 421, 438 (2011) (emphasis added); *see also Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166, 1171 (9th Cir. 2015) (holding that "the district court clearly erred in finding that the SPD, and not the insurance certificate, constitutes the Plan document" (internal quotation marks omitted)); *accord Becker v. Williams*, 777 F.3d 1035, 1040 n.3 (9th Cir. 2015) ("The Supreme Court has specifically excluded the statutorily mandated summary plan description, listed in § 1024(b)(4), as a source of the plan's governing terms."). The Court notes the presence of language in the SPDs indicating that formal Plan documents exist. (*See, e.g.*, Rubin Decl., Ex. M, Dkt. No. 90-11 at 53 (referring to "the Certificate" and the "provider's network participation documents").)[1] The very language of 29 U.S.C. § 1132(a)(1)(B) implicates "the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *accord Opeta v. Nw. Airlines Pension Plan for*

---

[1] All citations to the record are based upon the pagination generated by the CM/ECF system.

*Contract Employees*, 484 F.3d 1211, 1219 (9th Cir. 2007) ("De novo review requires the district court to evaluate whether [the plan administrator] correctly denied [the plan participant] benefits under the terms of the Plan."). The Parties need to identify the Plan documents and apprise the Court of the relevant terms of the Plan in order for the Court to proceed in its determination.

Second, neither party has specifically identified for the Court which documents comprise the administrative record in this case. Applying either *de novo* or abuse of discretion review, the Court must review the administrative record to make its determination. "[I]n general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion," but "when de novo review applies, the court is not limited to the administrative record and may take additional evidence." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970–73 (9th Cir. 2006).

Moreover,

> when an administrator has engaged in a procedural irregularity that has affected the administrative review . . . [e]ven where procedural irregularities are smaller, though, and abuse of discretion review applies, the court may take additional evidence when the irregularities have prevented full development of the administrative record. In that way the court may, in essence, recreate what the administrative record would have been had the procedure been correct.

*Id.* at 973. Thus, even if the Court accepts Plaintiff's position that procedural irregularities occurred, Plaintiff still needs to clarify where the administrative record begins and ends, and what additional evidence is necessary to "recreate what the administrative record would have been." *Id.* Further, Plaintiff needs to identify which "exceptional circumstances" establish that "introduction of evidence beyond the administrative record" is necessary. *See Opeta*, 484 F.3d at 1217 (reiterating the Ninth Circuit's prior holding "that extrinsic evidence could be considered only under certain limited circumstances" and citing with approval the Fourth Circuit's rule "that the district court should exercise its discretion to consider evidence outside of the administrative

4

record *only* when circumstances *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision" (internal citation and quotation marks omitted)).

The Parties are ordered to provide supplemental briefing of no more than ten pages on the two discrete problems outlined in this Order. They are further ordered to identify the contents of the administrative record (and if extrinsic evidence is proffered, to clearly explain why it is necessary) and lodge the administrative record with the Court accordingly. The Parties are to comply with this Order on or by Tuesday, April 18, 2017.

**IT IS SO ORDERED.**

Dated: April 10, 2017

Hon. Gonzalo P. Curiel
United States District Judge